ARKADELPHIA MILLING COMPANY *v.* CAMPBELL.

Opinion delivered December 1, 1919.

1. PRINCIPAL AND AGENT—FINDING OF JURY.—A finding by the jury that A., in a certain transaction, was not acting as the agent of B., where supported by sufficient evidence, will not be disturbed on appeal.

2. PRINCIPAL AND AGENT—APPARENT AUTHORITY.—Appellee sent his agent A. to superintend the work of constructing certain buildings for a college; *held*, this did not give A. authority, either actual or apparent, to enter into a contract for the construction of another building of a different character and for another person.

3. SAME—SAME—RATIFICATION.—Appellee held the contract to erect certain buildings for a college, and sent his agent A. to superintend the work. A., then, on his own account entered into a contract with B. to erect a warehouse for him. *Held*, the trial court properly submitted to the jury the question of ratification.

4. APPEAL AND ERROR—SINGLING OUT CIRCUMSTANCES—CORRECT DECLARATION OF LAW.—While it is not good practice to single out circumstances established in a trial, and make them the subject-matter of separate instructions, yet a judgment will not be reversed for such action where the principles of law declared are correct.

Appeal from Clark Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*McMillan & McMillan,* for appellant.

1.   It was prejudicial error to refuse instruction No. 4 for plaintiff.   The evidence shows that W. S. Campbell was in absolute control of the work of construction and was to get all the profit, but that A. O. Campbell was the contractor and responsible for the obligations. An agent's contract for his principal is binding from the time it is made, if the principal clothed the agent with apparent authority and a third person contracts with the agent for the principal on the faith of the apparent authority.   96 Ark. 456; 87 *Id.* 377; 93 *Id.* 521.

2.   It was also error to refuse No. 2 for plaintiff. W. L. Campbell was the agent of defendant and not a volunteer, and if his contract to erect the building in payment of material was in excess of his authority, his principal, having notice and accepting the material, was bound by the contract as a ratification.   96 Ark. 505; 87 *Id.* 377.

3.   It was error to refuse the 3rd for plaintiff.   A principal can not ratify a contract made for him by an agent without also ratifying and becoming bound by the terms and conditions upon which it is made, although unauthorized.   114 Ark. 9; 87 *Id.* 377.

4.   It was error to give No. 6 for defendant.   It invades the province of the jury and directs them as to the weight to be given the testimony.   58 Ark. 108.

5.   There was error in admitting evidence as to what E. C. Nowlin did, as there is no evidence that Nowlin had anything to do with the settlement of this difference with A. O. Campbell or that he was talking to Campbell on behalf of plaintiff; no evidence that he was acting for plaintiff in making these statements.   78 Ark. 381; 52 *Id.* 78, 168.

6.   The trial court invaded the province of the jury in its oral charge and remarks.   58 Ark. 282; 46 Mich.

623; 10 N. W. 14; 29 N. E. 909; 42 Ind. 420; 12 *Id.* 568; 14 S. W. 538.

*Callaway & Huie* and *Cockrill & Armistead,* for appellee.

There is no error in the instructions given or refused and the evidence supports the verdict. There is no proof of damage that would support a verdict against W. S. Campbell. A. O. had no interest in the contract. The verdict settles all questions of fact and there was no error of law committed.

McCULLOCH, C. J. This is an action instituted by appellant against appellee to recover damages on account of alleged faulty construction of a warehouse for appellant. It is alleged in the complaint that appellee, A. O. Campbell, acting through his agent, W. L. Campbell, entered into a written contract with appellant for the construction of the warehouse and undertook to perform the contract, but that some of the work was so defective that it had to be done over again at a cost to appellant of $750, the amount sued for.

The written contract is exhibited with the complaint, and shows on its face that it was executed, not by A. O. Campbell, but by W. L. Campbell. The body of the contract recites that it is the undertaking of W. L. Campbell, who subscribed his own name to it. It is, however, alleged in the complaint that, although the contract was executed by W. L. Campbell in his own name, he was acting as the authorized agent of A. O. Campbell, the appellee. The answer of appellee contains denials of all the allegations of the complaint. There was a trial of the issues before a jury which resulted in a verdict in favor of appellee.

The building in question was constructed in the year 1914. Appellee resided in Oklahoma City, but was engaged in taking contracts for constructing buildings, and entered into a contract to construct certain additional buildings for Henderson-Brown College at Arkadelphia. W. L. Campbell was sent to Arkadelphia as appellee's

agent to superintend the construction of those buildings with authority to purchase material, employ labor and do everything to further the construction of the buildings. Appellant was engaged in the manufacturing business in Arkadelphia, and through its Little Rock agent, Mr. Nowlin, sought a contract for furnishing some of the mill work for the Henderson-Brown College buildings. The bill for that material amounted to the sum of $5,200. Appellant planned the construction of a warehouse, and procured estimates of the cost, one from W. L. Campbell, who signed the letter or memoranda submitting a bid in the name of A. O. Campbell, by him as agent. When this matter was submitted to A. O. Campbell he declined to have anything to do with the construction of the warehouse, and W. L. Campbell thereupon proceeded to enter into a contract with appellant in his own name for the construction of the warehouse for the price of $5,200, the same as the amount of the bill for material to be furnished by appellant for construction of the Henderson-Brown College buildings. The contract between appellant and W. L. Campbell contained the following clause:

"Said first party is to charge second party on account of all mill work now being furnished by said second party to first party on the administration building and girls' dormitory for Henderson-Brown College, at Arkadelphia, should there be a balance due either party after the completion of this contract same shall be paid in cash to the other party."

Appellee was not a party to this contract so far as it appears on the face of it, but it is conceded that he was advised of the existence of the contract between W. L. Campbell and appellant, and that he paid to W. L. Campbell the price of the material furnished by appellant, with the knowledge that W. L. Campbell was paying for the material under his contract for constructing the warehouse. According to the undisputed evidence, W. L. Campbell had not, prior to his being sent to Arkadelphia to superintend the construction of the Henderson-Brown College buildings, acted as the agent of A. O. Campbell in

any way for the past twenty years, and that he has not, subsequent to that transaction, acted for A. O. Campbell in any way. In constructing the warehouse for appellant W. L. Campbell used some of the construction machinery owned by A. O. Campbell and used in the construction of the Henderson-Brown College buildings, and also employed the same labor and the same bookkeeper and timekeeper. Appellee and W. L. Campbell each testified that the contract was that of W. L. Campbell alone, and that he was not acting as the agent of appellee, and that appellee was not interested in that contract. Appellant's manager testified that he thought when he entered into the contract that W. L. Campbell was the man who had the contract to construct the Henderson-Brown College buildings. The evidence tended to show that there was faulty construction of the warehouse building, and that appellant expended the sum of $750 in repairing the defects.

(1) The court submitted to the jury the question of alleged agency of W. L. Campbell and his authority to act for appellee, and that issue must be treated as properly settled by the jury, there being sufficient evidence to sustain the verdict.

(2) The court refused to give an instruction submitting the question of apparent authority of W. L. Campbell to act for appellee, or rather the court gave an instruction which excluded that question from the consideration of the jury. We think there was no error of the court in this respect, for there was no evidence to justify the submission of the question whether or not the contract entered into by W. L. Campbell with appellant was within the apparent scope of his authority as the agent of appellee. In the first place, W. L. Campbell did not pretend to act for appellee in the transaction. The contract shows on its face that he was acting for himself, and this necessarily excludes the idea that he was acting within the apparent scope of his authority as agent for some one else. That fact did not prevent appellant from showing that, notwithstanding W. L. Campbell executed the con-

tract in his own name, he was in fact acting as agent for appellee, but it can not be said that the contract executed in his own name was within the apparent scope of his authority as agent for some one else. In the next place, there is no proof to justify a finding that, if there was no actual authority, the contract for the construction of the warehouse was within the apparent scope of authority. W. L. Campbell was sent to Arkadelphia for the purpose of superintending the construction of the buildings for Henderson-Brown College and to purchase the material and employ labor for that purpose. This did not give him authority, either actual or apparent, to enter into a contract for the construction of another building of a different character and for another person. So we think that the trial court was correct in holding that the question of apparent authority was not an issue in the case.

It is next contended that the court erred in refusing to properly submit the issue of ratification by appellee of the contract between W. L. Campbell and appellant. The court refused to give an instruction on this subject, requested by appellant, but gave instruction No. 2 at the request of appellee, which reads as follows:

"You are instructed that the plaintiff is suing the defendant on a written contract, which is not signed by the defendant, but which is signed by one W. L. Campbell, alone, and plaintiff admits that A. O. Campbell did not sign the contract, but it is contending that W. L. Campbell when he signed it, although he signed his own name, yet in reality he was acting as the agent of A. O. Campbell, the defendant. Before you can consider any question of the violation of the contract or as to any damage with reference thereto, you must find from a preponderance of the evidence that A. O. Campbell authorized W. L. Campbell to sign the contract as his agent. The burden of proof is on the plaintiff to show by a preponderance of the evidence that A. O. Campbell authorized W. L. Campbell to sign the contract as his agent, or afterwards ratified the same as his contract, and that he,

A. O. Campbell, was the party contracting to erect the warehouse and not W. L. Campbell; and, unless you are convinced by a preponderance of the evidence that this is true, your verdict will be for the defendant.''

(3) This instruction is illy framed, but it certainly is sufficient to submit to the jury the question of ratification by appellee. The first sentence omits the question of ratification, but it is clearly embraced in the second sentence, and both of the sentences were to be read together and must have been considered by the jury as submitting the issue of ratification of the contract. There was only a general objection made to it by appellant, and the defects ought to have been called to the attention of the court by a specific objection. It is doubtful, to say the least of it, whether the question of ratification is properly in this case under the proof adduced. The real issue in the case is whether or not W. L. Campbell had actual authority to enter into the contract and was acting for his principal in the transaction. There was no direct proof of the existence of such authority, but there were certain circumstances in the case which would have warranted the jury in so finding. But, if there was no actual authority, there was no ratification. W. L. Campbell was not holding himself out as the agent of appellee in the transaction and it can not be said that appellee ratified the transaction by allowing W. L. Campbell to hold himself out as such agent. Neither is there any proof that appellee received any benefit from this contract. He purchased and paid for the material used in the Henderson-Brown College buildings, and the fact that the payment was made to W. L. Campbell under his contract with appellant did not confer any benefit on appellee so as to make him a party to the contract for the construction of the warehouse.

The court gave the following instruction over appellant's objection:

''You are instructed that if you believe from the evidence that W. L. Campbell was the foreman and agent of A. O. Campbell in the construction of Henderson-

Brown College and acting as such agent purchased the necessary material for Henderson-Brown College, this fact alone is not sufficient evidence that he had any authority to enter into a contract binding A. O. Campbell, to build a warehouse for the plaintiff as payment for any material purchased.''

It is argued that this instruction invaded the province of the jury, but we do not think this is true for the reason that it is correct to say that the facts recited in the instruction were not of themselves, when standing alone, sufficient to constitute the creation of the relation of agency in the transaction between appellant and W. L. Campbell. Appellee was, therefore, entitled to a declaration of law on that subject. It is not good practice to single out circumstances established in the trial of a case and make them the subject-matter of separate instructions, but we do not reverse judgments on account of the giving of such instructions where the principles of law declared are correct. *Hogue* v. *State*, 93 Ark. 316.

There are assignments of error with respect to other rulings of the court which we do not find of sufficient importance to discuss.

Finding no error in the record, the judgment is affirmed.