## DAVIS *v.* REYNOLDS.

### Opinion delivered May 29, 1922.

1. EVIDENCE—VARYING WRITTEN CONTRACT.—The terms of a written contract are not contradicted or varied by showing the real parties in interest.

2. EVIDENCE—VARYING WRITTEN CONTRACT.—Plaintiff, suing on a written contract on its face purporting to have been made by a third person, may show by parol evidence that the third person made the contract as plaintiff's agent.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; reversed.

*W. L. Pope* and *M. D. Bowers,* for appellant.

Appellee is bound by the act of her agent in signing the contract. 147 Ark. 226; 141 Ark. 25; 117 N. E. (Ind.) 526; 15 N. E. 345; 37 N. E. 355; 31 Cyc. 1263-1274; Mechem on Agency, chap. 5, Ratification.

*Schoonover & Jackson,* for appellee.

The demurrer was properly sustained. 87 Ark. 97; 120 Ark. 472; 38 Ark. 127; 108 Ark. 362; 91 Ark. 400.

A contract should be construed most strongly against the person who writes it. 73 Ark. 338; 74 Ark. 41; 84 Ark. 431; 90 Ark. 88; 97 Ark. 522; 105 Ark. 518; 112 Ark. 1; 115 Ark. 166.

A court of equity only has power to reform a contract. 23 R. C. L. 354.

A contract must be construed according to its terms. 84 Ark. 349. A court of equity cannot add parties to or substitute other parties for those named in the contract. 34 Cyc. 934. Parol evidence is not admissible to alter or vary the terms of a written contract. 4 Michie on Contracts, 371; 146 Ark. 127; 144 Ark. 279. Parol evidence is admissible where there is doubt as to the meaning of the instrument. 139 Ark. 507.

HUMPHREYS, J. This suit was instituted by appellant against appellee in the Randolph Circuit Court to recover $8,350 on account of an alleged breach of a written contract for the sale and purchase of 1,400,000 feet of timber, to be severed from lands belonging to appellee and delivered by her on the skids at the sawmill sold by her to appellant. The contract was executed on the 17th day of March, 1921, and recited that it was between Elmer Reynolds, party of the first part, and E. W. Davis, party of the second part. It was signed by Elmer Reynolds, party of the first part, and E. W. Davis, party of the second part. The contract was made the basis of the suit, but it was alleged in the complaint that, while signed by Elmer Reynolds, it was, in fact, the contract of appellee; that appellee was the owner of the sawmill and timber which appellant purchased, and that appellee constituted

Elmer Reynolds her agent to sign the contract in her stead and to carry out the terms thereof; that, pursuant to the terms of the contract, appellee placed appellant in possession of the sawmill and received a consideration therefor, and permitted Elmer Reynolds to deliver to appellant a part of the timber in accordance with the terms of the contract.

Appellee filed a general demurrer to the complaint, which was sustained by the court, over the objection and exception of appellant. Appellant declined to plead further and elected to stand upon his complaint; whereupon the court dismissed the complaint, over the objection and exception of appellant. Appellant has prosecuted an appeal to this court from the judgment sustaining the demurrer and dismissing his complaint.

The trial court sustained the demurrer upon the theory that it did not appear on the face of the contract that appellee was a party thereto or interested therein, and that to allow this fact to be established by oral evidence would contravene the principle that the terms of a written contract cannot be contradicted or varied by parol testimony. It is frequently the case that agents enter into contracts with third parties without disclosing their principals; but, if authorized to act, their principals are bound by their agents' contracts. This rule would be of little avail unless the name of the undisclosed principal could be shown by oral evidence. The terms of a written contract are not contradicted or varied by showing the real parties in interest. In the case of *Arkadelphia Milling Co.* v. *Campbell,* 141 Ark. 25, this court, in passing upon a contract similar to the one in the instant case, ruled that it was proper to submit the question of whether the agent who signed his own name to the contract had actual authority to bind his principal to the terms thereof, although the name of the principal did not appear therein. The rule announced in that case is applicable and controlling in this. The court erred in sustaining the de-

murrer to the complaint, and for that reason the judgment is reversed and the cause remanded, with direction to overrule the demurrer.